MEMORANDUM OPINION
{¶ 1} Appellant, American Guarantee and Liability Insurance Company, brought a May 5, 2004 appeal from an April 9, 2004 judgment entry of the Trumbull County Court of Common Pleas granting summary judgment to co-defendants National Union Fire Insurance Company of Pittsburgh and The Insurance Company of the State of Pennsylvania. This matter is now before this court on appellees' motion to dismiss. Appellant has filed a timely response.
 {¶ 2} For this court to have jurisdiction to hear an appeal, the judgment entry or order must first meet the requirements of R.C. 2505.02. Additionally, because this is a multiparty/multi-claim action, the judgment must meet the requirements of Civ.R. 54(B), stating that there is no just reason for delay. If the judgment does not meet both of these standards, this court must dismiss the appeal for want of jurisdiction.
 {¶ 3} The judgment entry appealed from meets the Civ.R. 54(B) requirement because it contains the statement that there is no just reason for delaying an appeal from the decision.
 {¶ 4} The judgment entry must also meet the requirements of R.C. 2505.02. A thorough search of the record indicates that there were no cross-claims filed by any of the defendants. Additionally, appellant is still a party to the pending trial court action because it was not included in this judgment entry. Therefore, it appears that there is nothing to prevent appellant from obtaining a favorable judgment at trial.
 {¶ 5} Appellant states that it is not being "afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." State v. Muncie (2001), 91 Ohio St.3d 440. Therefore, appellant contends that it must be allowed to appeal the judgment entry under R.C. 2505.02(B)(4)(b).
 {¶ 6} Appellant fails to note, however, that it has not been denied the opportunity for a favorable judgment in the underlying action, because it is still a party to that action. If appellant should lose in the underlying trial court proceedings, it has a remedy through an appeal of that result. Thus, appellant has not met the requirements of R.C. 2505.02(B)(4)(b).
 {¶ 7} Because this court lacks jurisdiction to hear the appeal under R.C. 2505.02, appellees' motion to dismiss the appeal is hereby granted.
 {¶ 8} Appeal dismissed.
Grendell, J. and Rice, J., concur.